# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-3618

———————————————

Public Water Supply District No. 1 of Greene County, Missouri

*Plaintiff - Appellant*

v.

City of Springfield, Missouri

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Western District of Missouri - Springfield

——————————

Submitted: September 20, 2022
Filed: October 24, 2022

——————————

Before GRUENDER, MELLOY, and ERICKSON, Circuit Judges.

——————————

ERICKSON, Circuit Judge.

Public Water Supply District No. 1 of Greene County, Missouri ("PWSD") and the City of Springfield, Missouri (the "City") filed cross motions for summary judgment, and the district court[1] granted summary judgment in favor of the City.

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

The district court also denied PWSD's subsequent motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. PWSD appeals these decisions. We affirm.

## I.     BACKGROUND

The parties' focus on appeal is the statutory interpretation of 7 U.S.C. § 1926. Broadly speaking, § 1926(a)(1) authorizes the United States Department of Agriculture ("USDA") to issue loans to "associations" for various purposes, including "to provide for . . . the conservation, development, use, and control of water . . . ." 7 U.S.C. § 1926(a)(1). Section 1926(b) provides:

> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.

Id. § 1926(b). While the parties debate the precise breadth of the statute's protection, they agree that § 1926(b) generally insulates qualifying associations from at least certain forms of municipal competition. See Pub. Water Supply Dist. No. 3 v. City of Lebanon, 605 F.3d 511, 514-15 (8th Cir. 2010). We have recognized the primary purposes of § 1926(b) are to promote water development and safeguard the economic security of USDA-indebted water districts. See Rural Water Sys. No. 1 v. City of Sioux Ctr., 202 F.3d 1035, 1038 (8th Cir. 2000).

Here, PWSD is a public water supply district that provides water service to residents within its legally-defined service area. PWSD has received three loans from the USDA (or its predecessor), it has fully satisfied two of these loans, and the

remaining loan is outstanding. PWSD has been continuously indebted to the USDA since 1965.

The City is a municipality in Greene County, Missouri, operating a utility service known as City Utilities, which provides water and other utility services to residents of the City. Missouri law permits the City to supply water beyond its corporate limits. See Mo. Rev. Stat. § 91.050. Under § 91.050, the City provides water service to subdivisions that are outside its corporate limits but within PWSD's service areas (the "Disputed Subdivisions"). The Disputed Subdivisions are: (1) Monta Vista Heights: platted in August 1971; (2) Teton Estates: platted in September 1972; (3) Teton Estates, First Addition: platted in April 1974; (4) Abbey Lane: platted in November 1991; (5) Abbey Lane, First Addition: platted in December 1992; and (6) Abbey Lane, Second Addition: platted in August 1994. The parties agree these dates are close in time to the dates the City began serving each of the Disputed Subdivisions; though, the exact dates the City initiated service are unknown.

PWSD filed this action in October 2020, alleging several claims and seeking declaratory, injunctive, and monetary relief. Specifically, PWSD asserted 42 U.S.C. § 1983 claims against the City on grounds that the City deprived PWSD of its right under 7 U.S.C. § 1926(b) to be protected from curtailment or limitation of its provision of water service within its service area. PWSD also asserted various state law claims.

In its motion for summary judgment, PWSD argued that the City violated § 1926(b) by serving the Disputed Subdivisions because the statute prohibits competition generally, "no matter what form it might take, whether it be by annexation, grant of a franchise or otherwise." PWSD also suggested that § 1926(b)'s protection "extends beyond" and is "not limited" to circumstances involving annexation or franchising. In contrast, the City argued: (1) it did not violate § 1926(b) because it did not engage in either of the two forms of curtailment specifically enumerated in § 1926(b); and (2) PWSD's claims were barred by the

-3-

applicable statute of limitations. Ultimately, the district court granted summary judgment in favor of the City on the merits, finding § 1926(b) only prohibits curtailment by the statute's two enumerated methods and the City had not employed either method. The court did not reach the City's alternative arguments for summary judgment.[2]

PWSD then filed a Rule 59(e) motion to alter or amend the judgment, asserting the two arguments it advances here: (1) the City's conduct fell within § 1926(b)'s first enumerated category of curtailment because curtailment by "inclusion . . . within the boundaries of any municipal corporation" prohibits a city from providing any water service to customers within a water district's service area; and (2) the City's conduct fell within § 1926(b)'s second enumerated category of curtailment because the City had effectively "grant[ed itself a] private franchise" by providing water service, which is a proprietary function. The district court denied this motion, reasoning that PWSD's arguments were new arguments inappropriately presented for the first time in its Rule 59(e) motion. Alternatively, the court found the arguments to be meritless. PWSD now appeals the district court's summary judgment and Rule 59(e) decisions.

## II.    DISCUSSION

We review a district court's resolution of a motion for summary judgment *de novo*, viewing the evidence and reasonable inferences in favor of the nonmoving party. LaCurtis v. Express Med. Transporters, Inc., 856 F.3d 571, 576 (8th Cir. 2017) (citation omitted). "Summary judgment is required 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. at 576-77 (quoting Fed. R. Civ. P. 56(a)).

---

[2]In a subsequent order, the district court declined to exercise supplemental jurisdiction over PWSD's state law claims. Those claims are not at issue on appeal.

We generally review the denial of a Rule 59(e) motion applying an abuse of discretion standard; although, "where the Rule 59(e) motion seeks review of a purely legal question," our review is effectively *de novo*. See Henley v. Brown, 686 F.3d 634, 639 (8th Cir. 2012) (citation omitted). Here, because PWSD's Rule 59(e) motion challenged whether the district court appropriately interpreted § 1926(b), a purely legal question, we effectively review the district court's decision *de novo*. See id. (citation omitted). We may affirm on any ground supported by the record. See Dick v. Dickinson State Univ., 826 F.3d 1054, 1058 (8th Cir. 2016) (citation omitted).

Even though the district court did not reach the City's statute of limitations argument, the City contends this argument provides an alternative ground for affirmance. Because PWSD asserted its claims under 42 U.S.C. § 1983, Missouri's five-year statute of limitations for personal injury actions applies. See Mo. Rev. Stat. § 516.120(4); Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 618 (8th Cir. 1995) (citation omitted). While state law determines the applicable statute of limitations for a § 1983 claim, federal law controls when a § 1983 claim accrues. Rassier v. Sanner, 996 F.3d 832, 836 (8th Cir. 2021). Such a claim accrues "when the plaintiff has a complete and present cause of action," that is, "when 'the plaintiff can file suit and obtain relief.'" Id. (citation omitted).

PWSD asserts its claims are timely under the continuing-violations doctrine because the City continues to provide water to customers within the Disputed Subdivisions. Under this doctrine, each overt act that is a part of a continuing violation "starts the statutory period running again, regardless of the plaintiff's knowledge of the alleged illegality at much earlier times." Izaak Walton League of Am., Inc. v. Kimbell, 558 F.3d 751, 759 (8th Cir. 2009) (citation omitted). However, "[a]cts that are merely unabated inertial consequences (of a single act)" do not reset the statute of limitations. Id. (citation omitted); see also Jenson v. Eveleth Taconite Co., 130 F.3d 1287, 1303 (8th Cir. 1997).

Our decision in <u>Humphrey v. Eureka Gardens Public Facility Board</u>, 891 F.3d 1079 (8th Cir. 2018), is somewhat analogous to the instant case, and it elucidates the distinction between a continuing violation and an inertial consequence from a single violation. In <u>Humphrey</u>, the plaintiffs alleged that the defendants discriminated against them by installing a sewer system in their residence, which was more expensive to maintain relative to systems in other units. 891 F.3d at 1081-82. The plaintiffs argued their otherwise time-barred claims were timely under the continuing-violations doctrine based on the plaintiffs' recurring, more-expensive maintenance payments. <u>Id.</u> at 1082. We rejected this argument on grounds that the initial installation of the sewer system was a discrete act and the recurrent maintenance payments were simply effects of the initial installation. <u>Id.</u> at 1082-83. <u>Compare</u> <u>Del. State Coll. v. Ricks</u>, 449 U.S. 250, 257-58 (1980) (finding a professor's claim for discrimination based on his denial of tenure accrued when he was denied tenure and his subsequent termination was an effect of his tenure denial), <u>with</u> <u>Montin v. Estate of Johnson</u>, 636 F.3d 409, 415-16 (8th Cir. 2011) (finding a civilly-committed offender's daily unconstitutional restrictions due to his commitment were continuing violations, but noting that no continuing violation would have occurred if the offender had challenged the policy that resulted in the restrictions and not the daily restrictions themselves).

We also find guidance in this Court's decision in <u>City of Lebanon</u>. In that case, the Court stated that any curtailment under 7 U.S.C. § 1926(b) occurs only when a municipality "initially provides service" and "not when it continues to do so." <u>City of Lebanon</u>, 605 F.3d at 516. The Court reasoned that § 1926(b)'s use of the verbs "curtail" and "limit," "reinforce[s] the notion that the statute prevents a city from taking customers served by a rural district, not a city's passive continuation of service to its customers." <u>Id.</u>

Here, it is undisputed that the City began serving each of the Disputed Subdivisions in or before 1994. Based on the principles set forth above, a § 1926(b) violation must occur (and the statute of limitations accrues) when a municipality begins providing service to a new subdivision, and "not when it continues to do so."

See id. Contrary to PWSD's contention, it is not a continuing violation, and the statute of limitations does not reset, when a municipality continues to add and provide service to customers in a subdivision it already serves. This holding promotes finality and comports with the statute's purpose of encouraging water development because a municipality would be less inclined to invest in infrastructure to provide water service to a subdivision if a rural water district could divest the municipality of its investment decades later. Any curtailments necessarily occurred and PWSD's claims necessarily accrued well outside the five-year limitation period. The City's ongoing provision of water service in the Disputed Subdivisions is merely a consequence of its initial service, not a continuing violation.[3]

While PWSD alternatively invites us to apply § 516.100 of Missouri Revised Statutes, which codifies a version of the continuing-violations doctrine, we decline to do so as the matter is controlled by federal law rather than state law as noted above.[4]

## III.  CONCLUSION

Because PWSD's claims are time-barred, we affirm the judgment of the district court.

———————————————————

---

[3]To the extent PWSD's knowledge of the City's curtailment is relevant, ample evidence demonstrates that PWSD has been aware of the City's provision of water service to the Disputed Subdivisions since at least the 1990s. For example, a PWSD board member testified that members of PWSD's board of directors knew in the 1970s and 1990s that the City served the Disputed Subdivisions. While PWSD rejects this board member's testimony, it cites no evidence supporting its position.

[4]Because PWSD's claims are time-barred, we do not reach the merits of the parties' arguments as to the breadth of § 1926(b)'s protection or PWSD's alleged waiver of its arguments on the merits.